

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50530 |
| Plaintiff - Appellee, | D.C. No. 2:13-cr-00539-PA-1 |
| v. | |
| ROGELIO ZARAGOSA-NAVARRO, a.k.a. Rene Zaragosa, a.k.a. Rogelio Zaragosa, a.k.a. Rogelio Zaragoza, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted June 22, 2015[**]

Before:    HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

Rogelio Zaragosa-Navarro appeals the 41-month sentence imposed after he

pleaded guilty to being an illegal alien found in the United States following

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Zaragosa-Navarro argues for the first time on appeal that the government violated the terms of the parties' "fast-track" plea agreement by implicitly arguing for a sentence harsher than the sentence to which the parties had agreed. We find no plain error. *See United States v. Whitney*, 673 F.3d 965, 970 (9th Cir. 2012). Even if the government breached the plea agreement in its sentencing memorandum by characterizing Zaragosa-Navarro as dangerous based on his prior deportations and convictions, the breach did not affect Zaragosa-Navarro's substantial rights. *See United States v. Gonzalez-Aguilar*, 718 F.3d 1185, 1187 (9th Cir. 2013). At sentencing, the district court referenced facts that were contained in the presentence report, but not the government's sentencing memorandum, when discussing its reasons for rejecting the plea agreement. It noted that most of Zaragosa-Navarro's convictions were stale, which suggests that the court did not credit the government's allegedly improper argument. However, the court expressed concern that the stipulated sentence would not deter Zaragosa-Navarro from reentering the United States, noting that he had already served a 30-month sentence for a past illegal reentry offense. Under these circumstances,

there is not a reasonable probability that the alleged breach affected the court's

sentencing determination. *See id.* at 1188-89.

**AFFIRMED.**